ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
LINDA M. ROSS (SBN 133874)
lross@publiclawgroup.com
KEVIN P. MCLAUGHLIN (SBN 251477)
kmclaughlin@publiclawgroup.com
RENNE SLOAN HOLTZMAN SAKAI LLP
1220 Seventh Street, Suite 300
Berkeley, California 94710
Telephone: (510) 995-5800
Facsimile:  (415) 678-3838

Attorneys for Defendant
CITY OF SANTA ROSA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ABOUDARA, JR. et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ROSA,<br><br>    Defendant. | Case No. 17-CV-01661-HSG<br><br>**DEFENDANT CITY OF SANTA ROSA'S AMENDED ANSWER TO COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT; DEMAND FOR JURY TRIAL**<br><br>Hon. Haywood S. Gilliam |

**INTRODUCTION AND SUMMARY DENIAL**

Defendant CITY OF SANTA ROSA ("Defendant") denies the claims made in this lawsuit. The average total annual compensation of a firefighter in the labor union is over $150,000, and the firefighters regularly work, and are properly paid, thousands of dollars in overtime annually.

As set forth below, Defendant answers and responds to the Complaint for Violations of the Fair Labor Standards Act ("Complaint") filed by Plaintiffs Timothy Aboudara, Jr., Jonathan Aarsheim, Jon Abers, AJ Alcocer, Michael Alcocer, Vance Alkire, Albert Armanini, Cody Bagley, Robert Banks, Jennifer Bartholomew, Ben Basque, Travis Berg, Dean Bourdage, Scott Bristow, Rachelle Brooke, Judas Zane Brown, Jeff Brown, Brian Buchanan, Kyle Bunch, Scott Byrn, Anthony Amilleri, Jason Clinenbeard, Jason Clough, Travers Collins, Cameron Cornelssen, Matthew Cox, Matthew Dacunha, Doug Dahme, Stephen Dalporto, Frank Damante, Wesley David, Theodore Day, Dean Gunnar, Matthew Devine, Earl Dunckel, James Eckhoff, Mia Emerson, James Feige, Kevin Flemming, Joshua Gagnebin, Thomas Gallagher, Robert Giles, Timothy Glass, Matthew Gloeckner, Chad Goff, Jaimie Harcos, Ian Hardage, Michael Harrison, Ian Hodges, Samuel Hoel, Sage Howell, Joseph Hughes, Andrew Ihlenfeldt, Joe Imboden, Mark Jackson, Keith Jeffus, Jason, Jenkins, Michael Johnson, Stavros Kalogirou, Roy Keegan, Jeffrey Kelly, Rick Kerrigan, David Kim, Marc Lagourgue, Kennan Lee, Micahel Lellis, Craig Locket, Guerrero Lopez, Paul Lowenthal, Chris Matthies, Gregory McCollum, Michael McGahan, Giulietta Miller, Johnny Miu, Steve Montoya, Stephen Morikawa, MIchale Musgrove, Michael Nealon, Tony Niel, Brandon Plamer, Robert Panacci, Damon Pearson, Drew Petersen, Larry Petersen, Marita Petersen, Jeff Peterson, Timothy Polacek, Bryon Reid, Toby Rey, Donald Ricci, Paul Ricci, Chase Richardson, Corinne Rickert, James Ritchie, Kemplen Robbins, Christopher Roberts, Daryl Sager, Alejandro Serrano, Michael Siegel, Alan Simpson, Jason Sinclair, Chris Skye, Stephen Smoker, Raymond Spradlin, Brian Staby, Robert Stratton, Steve Suter, Vincent Ta, Jessie Taintor, Melvin Taua; Jack Thomas, Nathan Vagt, Andrew Vallely, Michael Weiss, Anthony Westergaard, Brian White Peter Wood, and Konstantin Zherebnenkov ("Plaintiffs"), on behalf of themselves and all similarly situated individuals, as follows. Defendant responds to each allegation according to the paragraph numbers designated in Plaintiffs' Complaint.

///

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

## INTRODUCTION

1. Defendant admits that Plaintiffs bring this action pursuant to the provisions of the Fair Labor Standards Act, and that Plaintiffs seek to recover from Defendant alleged unpaid overtime, interest thereon, liquidated damages, costs of suit, and reasonable attorneys' fees. The remainder of the paragraph is denied.

2. Defendant denies the allegations of this paragraph.

## PARTIES

3. Defendant admits that Plaintiffs are or have been employed as firefighters by Defendant. The remainder of the paragraph is denied.

4. Defendant denies the allegations of this paragraph.

5. Defendant admits that Plaintiffs are or have been employed by Defendant. The remainder of the paragraph is denied.

6. Defendant denies the allegations of this paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and on that basis Defendant denies the allegations of this paragraph.

## JURISDICTION

8. Defendant admits that Plaintiffs bring this action pursuant to the Fair Labor Standards Act and seek to recover alleged unpaid overtime, interest thereon, liquidated damages, costs of suit, and attorneys' fees. Defendant admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1331. The remainder of the paragraph is denied.

## COLLECTIVE ACTION ALLEGATIONS

9. Defendant denies the allegations of this paragraph.

10. Defendant admits that Timothy Aboudara, Jr. and Defendant's City Manager executed a written tolling agreement on or about November 30, 2016. That tolling agreement speaks for itself. The remainder of the paragraph is denied.

11. Defendant admits that Plaintiffs bring this action as a collective action pursuant to 29 U.S.C. section 216, and that Plaintiffs seek to recover from Defendant alleged unpaid overtime, interest

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

thereon, liquidated damages, costs of suit, and reasonable attorneys' fees. The remainder of the paragraph is denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and on that basis Defendant denies the allegations of this paragraph.

13. Defendant denies the allegations of this paragraph.

14. Defendant denies the allegations of this paragraph.

15. Defendant denies the allegations of this paragraph.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and on that basis Defendant denies the allegations of this paragraph.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and on that basis Defendant denies the allegations of this paragraph.

18. Defendant denies the allegations of this paragraph.

19. Defendant denies the allegations of this paragraph.

## FACTUAL ASSERTIONS

20. Defendant admits that Plaintiffs are or were employed as firefighters by Defendant.

21. Defendant admits that collective bargaining agreements between Defendant and the International Association of Fire Fighters ("IAFF") Local 1401 have governed certain terms and conditions of Plaintiffs' employment during the period of liability alleged in Plaintiffs' Complaint. The remainder of the paragraph is denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations asserted in this paragraph and on that basis Defendant denies the allegations of this paragraph.

23. Defendant denies the allegations of this paragraph.

24. Defendant admits that 29 U.S.C. section 207(e) defines the "regular rate" "to include all remuneration for employment paid to, or on behalf of, the employee," subject to certain exclusions. The

remainder of the paragraph is denied.

25. Defendant denies the allegations of this paragraph.

26. Defendant denies the allegations of this paragraph.

27. Defendant admits that holiday-in-lieu pay to Plaintiffs has not been included in the regular rate of pay for overtime under the FLSA during the period of liability alleged in Plaintiffs' Complaint. The remainder of the paragraph is denied.

28. Defendant admits that holiday-in-lieu pay to members of the Santa Rosa Police Officers Association (Unit 05) has not been included in the regular rate of pay for overtime under the FLSA during the period of liability alleged in Plaintiffs' Complaint. The remainder of the paragraph is denied.

29. Defendant admits that shift unit members of IAFF Local 1401 who use 56 hours or less of sick leave between the first day of the first pay period that begins in January through the last day of the last pay period that begins in December of the same year earn one 24-hour shift of pay at the unit member's regular hourly rate. The remainder of the paragraph is denied.

30. Defendant admits that payments made to Plaintiffs pursuant to its sick leave incentive program have not been included in the regular rate of pay for overtime under the FLSA during the period of liability alleged in Plaintiffs' Complaint. The remainder of the paragraph is denied.

31. Defendant denies the allegations of this paragraph.

32. Defendant denies the allegations of this paragraph.

33-37. [These paragraph numbers are not included in the Complaint.]

38. Defendant denies the allegations of this paragraph.

39. Defendant denies the allegations of this paragraph.

40. Defendant denies the allegations of this paragraph.

41. Defendant admits that the quotation of a portion of 29 U.S.C. section 207(o)(3)(B) is an accurate quotation. The remainder of the paragraph is denied.

42. Defendant admits that the quotation of a portion of 29 U.S.C. section 207(o)(4) is an accurate quotation. The remainder of the paragraph is denied.

43. Defendant admits that holiday-in-lieu pay to Plaintiffs and payments to Plaintiffs made pursuant to its sick leave incentive program have not been included in the regular rate of pay for overtime

1  under the FLSA during the period of liability alleged in Plaintiffs' Complaint. The remainder of the
2  paragraph is denied.
3      44.    Defendant is without knowledge or information sufficient to form a belief as to the truth
4  of the allegations asserted in this paragraph and on that basis Defendant denies the allegations of this
5  paragraph.
6      45.    Defendant denies the allegations of this paragraph.
7      46.    Defendant denies the allegations of this paragraph.
8      47.    Defendant admits that Plaintiffs seek damages for overtime compensation and
9  compensatory time off cash-outs, as well as liquidated damages, and seek these damages for "up to three
10 years[.]" The remainder of the paragraph is denied.
11     48.    Defendant admits that Plaintiffs seek attorneys' fees and costs pursuant to 29 U.S.C.
12 section 216(b). The remainder of the paragraph is denied.

### FIRST COUNT

14     49.    In response to this paragraph, Defendant incorporates herein by reference as though fully
15 set forth herein its responses to paragraphs 1-48.
16     50.    Defendant denies the allegations of this paragraph.
17     51.    Defendant denies the allegations of this paragraph.
18     52.    Defendant is without knowledge or information sufficient to form a belief as to the truth
19 of the allegations asserted in this paragraph and on that basis Defendant denies the allegations of this
20 paragraph.
21     53.    Defendant is without knowledge or information sufficient to form a belief as to the truth
22 of the allegations asserted in this paragraph and on that basis Defendant denies the allegations of this
23 paragraph.
24     54.    Defendant denies the allegations of this paragraph.
25     55.    Defendant admits that Plaintiffs seek "three (3) years' back pay of overtime compensation
26 that was earned but unpaid, as well as an equal amount in liquidated damages." The remainder of the
27 paragraph is denied.
28     56.    Defendant admits that Plaintiffs seek attorneys' fees and costs pursuant to 29 U.S.C.

RENNE SLOAN HOLTZMAN SAKAI LLP
Attorneys at Law

section 216(b).  The remainder of the paragraph is denied.

## PRAYER

Defendant denies that Plaintiffs are entitled to damages or attorneys' fees and costs of any kind or in any form, or entitled to any relief of any kind, including injunctive or non-monetary relief, or "conditional certification of the class as plead" or notice to all potential class members, or any other form of relief whatsoever.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint, and to each cause of action contained in it, Defendant alleges the following:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitation, including, without limitation, 29 U.S.C. sections 255(a) and 257.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are, or in the future may be, barred as moot.  Among other things, Plaintiffs seek an injunction ordering Defendant to cease the conduct complained of but, at least with respect to members of IAFF Local 1401, "holiday-in-lieu" pay is no longer provided in the manner described in paragraph 26 of the complaint.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every allegation and cause of action therein, is barred in whole or in part on the ground and to the extent that Plaintiffs lack standing to seek some or all of the injunctive relief sought in the Complaint, and on the ground that injunctive relief is unavailable to private plaintiffs under the Fair Labor Standards Act.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to offset and/or credit any claimed liability for unpaid compensation by the amounts of compensation it has paid Plaintiffs in excess of what the FLSA requires, including without limitation as provided by 29 U.S.C. sections 207(e) and 207(h).

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and had reasonable grounds for believing that its acts or

omissions were not in violation of the FLSA, nor did it willfully violate the FLSA at any time. Among other things, Defendant has disclosed its method of calculating the regular rate to members of IAFF Local 1401, obtained assent from IAFF Local 1401 to the change in the method by which holiday-in-lieu pay is provided in the most recent MOU between IAFF Local 1401 and Defendant, consulted with legal counsel regarding its FLSA compliance, and significant legal authority supports Defendant's calculation of the regular rate of pay for overtime under the FLSA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs or others whom Plaintiffs purport to represent are or were exempt or partially exempt from some or all of the provisions of the FLSA. Among other things, non-exempt fire protection and law enforcement employees of Defendant work pursuant to the partial exemption contained in 29 U.S.C. section 207(k).

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully prays for relief as hereinafter set forth:

1. That all relief requested in the Complaint be denied with prejudice;
2. That Plaintiffs take nothing by this action;
3. That judgment be entered in Defendant's favor;
4. That Defendant be awarded its costs in defending this lawsuit, including all fees and costs allowed by law; and
5. For such other and further relief as the Court may deem just and proper.

Dated: July 21, 2017                                        RENNE SLOAN HOLTZMAN SAKAI LLP


By: /s/ Arthur A. Hartinger
        ARTHUR A. HARTINGER

Attorneys for Defendant
CITY OF SANTA ROSA

///
///
///

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial on all claims triable to a jury.

Dated: July 21, 2017                                              RENNE SLOAN HOLTZMAN SAKAI LLP


By: /s/ Arthur A. Hartinger
    ARTHUR A. HARTINGER

Attorneys for Defendant
CITY OF SANTA ROSA