ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
LINDA M. ROSS (SBN 133874)
lross@publiclawgroup.com
KEVIN P. MCLAUGHLIN (SBN 251477)
kmclaughlin@publiclawgroup.com
RENNE SLOAN HOLTZMAN SAKAI LLP
1220 Seventh Street, Suite 300
Berkeley, California 94710
Telephone: (510) 995-5800
Facsimile:  (415) 678-3838

Attorneys for Defendant
CITY OF SANTA ROSA


DAVID E. MASTAGNI (SBN 204244)
ISAAC S. STEVENS (SBN 251245)
ACE T. TATE, ESQ. (SBN 262015)
MASTAGNI HOLSTEDT
A Professional Corporation
1912 "I" Street
Sacramento, CA 95811
Telephone: (916) 446-4692
Facsimile: (916) 447-4614

Attorneys for Plaintiffs
TIMOTHY ABOUDARA, JR., et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ABOUDARA, JR. et al.,<br><br>       Plaintiffs,<br><br>v.<br><br>CITY OF SANTA ROSA,<br><br>       Defendant. | Case No. 17-CV-01661-HSG<br><br>**AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:   August 1, 2017<br>Time:   2:00 p.m.<br>Judge: Hon. Haywood S. Gilliam, Jr.<br>           Oakland Courthouse<br>           Courtroom 2 – 4th Floor<br>           1301 Clay Street<br>           Oakland, CA  94612 |

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT - Case No. 17-CV-01661-HSG

Plaintiff Timothy Aboudara, Jr. et al. ("Plaintiffs") and Defendant City of Santa Rosa ("Defendant" or "the City"), jointly submit this Joint Case Management Conference Statement and [Proposed] Order, pursuant to Local Rule 16-9 and the Standing Order for All Judges of the Northern District of California.

**1.   JURISDICTION AND SERVICE**

The Complaint was filed on March 27, 2017. (Dkt. 1.) This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1331. The City was served on June 9, 2017. Defendant timely answered Plaintiffs' complaint on June 30, 2017. (Dkt. 23.) Defendant filed an amended answer on July 21, 2017. (Dkt. 31.)

**2.   FACTS**

Defendant's Position:

Plaintiffs are unionized firefighters employed by the City. They allege that the City improperly calculated the regular rate of pay for overtime under the Fair Labor Standards Act ("FLSA"). There are two pay elements at issue: holiday-in-lieu pay and sick leave incentive pay. Plaintiffs allege that the City does not count these pay elements when calculating the regular rate of pay, and that this has resulted in FLSA violations: the underpayment of overtime and undervalued cash-outs of compensatory time off ("CTO"). Plaintiffs also claim that Defendant's failure to include these two forms of pay in the regular rate was not in good faith and was willful.

Plaintiffs bring their claims on behalf of all employees of Defendant who are similarly situated. The parties are currently discussing the propriety of sending out a collective action notice.

Defendant denies that it has violated the FLSA. Further, even if Plaintiffs' allegations are found to have merit, Plaintiffs have not incurred any material damages. Defendant contends that it has acted in good faith; that it previously advised the firefighters' union regarding its overtime methodology, and the union assented to the methodology; and there is no credible evidence that the City acted recklessly.

Plaintiffs' Position:

Plaintiffs allege Defendant violated the FLSA by unlawfully excluding payments in lieu of holidays and/or sick leave incentive awards from the calculation of Plaintiffs' regular rate of pay for the purpose determining overtime compensation due. Plaintiffs assert that Defendant's conduct in excluding

these incentives was not in good faith and was willful for the purposes of the FLSA. This is a class/collective action seeking unpaid overtime wages, liquidated damages, and interest thereon, reasonable attorneys' fees and costs. Plaintiffs have sought to facilitate notice to similarly situated individuals through a motion for conditional certification and facilitated notice now pending before the Court. (ECF 24-0 through 24-9)

Plaintiffs contend that any action/inaction taken by Plaintiffs' labor association with respect to Defendant's alleged attempts to advise said labor association of its overtime calculation methodology and/or agreement to it is legally irrelevant. (*Barrentine v. Arkansas-Best Freight Systems, Inc.* 450 U.S. 728, 745 (1981) FLSA rights of individual plaintiff are independent of the collective bargaining process; *Local 246 Utility Workers Union of America v. Southern California Edison* 83 F.3d 292, 298 (9th Cir. 1996) a union's acquiescence to an FLSA violation does not constitute objective or subjective good faith required to forestall award of liquidated damages)

**3.    LEGAL ISSUES**

Legal issues include:

1.     Whether holiday-in-lieu pay, as that term is defined by Plaintiffs, is subject to exclusion from the regular rate of pay for overtime under the FLSA. *See generally* 29 U.S.C. § 207(e).

2.     Whether sick leave incentive pay, as that term is defined by Plaintiffs, is subject to exclusion from the regular rate of pay for overtime under the FLSA. *See generally* 29 U.S.C. § 207(e).

3.     Whether any alleged violation of the FLSA was willful. *See* 29 U.S.C. § 255(a).

4.     Whether the City acted in good faith. *See* 29 U.S.C. § 260.

5.     If Defendant violated the FLSA, the amount of damages incurred, including offsets to which Defendant may be entitled. *See generally* 29 U.S.C. §§ 207(e)(5)-(7), 207(h)(2).

6.     Whether Plaintiffs and all putative collective action members are similarly situated. *See* 29 U.S.C. § 216(b).

**4.    MOTIONS**

Plaintiffs' motion for conditional certification of the collective action is pending, and scheduled to be heard on August 31, 2017.

Plaintiffs' position:

Plaintiffs have moved the court for an order conditionally certifying this case as a collective action and facilitating a proposed notice procedure pursuant to 29 U.S.C. § 216(b). Plaintiffs seek to notify other potential opt-in plaintiffs in accordance with *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989).

Plaintiffs intend to move for final certification, and plan to file a motion for summary judgment after completion of discovery and the plaintiff opt in certification and opt in process. In the interests of judicial economy, Plaintiffs believe that the parties' cross-motions for summary judgment should be coordinated as to the briefing schedule to reduce duplicative filings.

Plaintiffs contend that Federal Rule of Civil Procedure 56 adequately provides the parties the opportunity to obtain partial summary judgment of individual claims and defenses. Plaintiffs further believe that the parties should adhere to the standing order and address all claims and defenses, as appropriate, in a single summary judgment motion, rather than having the parties conduct intermittent discovery between a succession of summary judgment motions.

Defendant's position:

Defendant intends to file a motion for summary judgment or partial summary judgment on the grounds that the two forms of pay at issue – holiday-in-lieu pay and sick leave incentive pay – are subject to exclusion from the regular rate of pay for overtime under the FLSA. This is the crux of the case, and should require very little discovery for the parties to present this motion to the Court.

Defendant seeks leave from the requirement in the Court's Standing Order that parties may only file one motion for summary judgment, as depending on the Court's ruling on the motion described above, Defendant may file a subsequent motion for summary judgment on the issues of good faith and willfulness, or other issues as they arise in the litigation which cannot be anticipated at this time.

Discovery and dispositive motions relating to these other issues need only occur if Defendant does not prevail on its first motion for summary judgment, and permitting Defendant to file two motions for summary judgment will result in increased efficiency and cost-savings for the Court and the parties.

5. **AMENDMENT OF PLEADINGS**

Defendant filed an amended answer as a matter of right on July 21, 2017. The parties do not anticipate further amendments of the pleadings.

**6.   EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines for the Discovery of Electronically Stored Information ("ESI"), which were revised on December 1, 2015. The parties are aware of their obligations to cooperate on issues relating to the preservation, collection, search, review, and production of ESI and that the proportionality standard set forth in Federal Rule of Civil Procedure 26(b)(1) applies to discovery in this case. The parties agree to meet and confer as necessary to address any issues regarding ESI.

**7.   DISCLOSURES**

<u>Defendant's position</u>:

Defendant proposes that initial disclosures pursuant to Rule 26(a) be served no later than August 4, 2017.

<u>Plaintiff's position</u>:

Plaintiff proposes that initial disclosures pursuant to Rule 26(a) be served no later than August 31, 2017.

**8.   DISCOVERY**

<u>Plaintiffs' position:</u>

Plaintiffs request that discovery not be bifurcated. This Court has a standing order against multiple motions for summary judgment/adjudication. While the Court may provide leave from its standing order, bifurcation is not appropriate in this case. "A court may grant a motion to stay or alter the sequence of **discovery** upon showing of good cause by the moving party. *See* Fed.R.Civ.P. 26(c) & (d). "Generally, such motions are disfavored because **discovery** stays may interfere with judicial efficiency and cause unnecessary litigation in the future." *See White v. E–Loan, Inc.,* No. 05–cv–02080 SI, 2006 WL 2850041, at *2 (N.D.Cal. Oct. 5, 2006) (citation omitted)" (*Otey v. CrowdFlower, Inc.* 2013 WL 1915680 at *1 (N.D. Cal. May 8, 2013)  Whether the incentive payments at issue are includable in Plaintiffs' respective regular rate will not only depend on the collective bargaining language at issue but the bargaining history related to the provisions, relevant proposals thereon, bargaining notes as well as the Defendant's practices surrounding payment of these incentives. Plaintiffs

have served early requests for production of documents to investigate these issues. (FRCP 26(a)(2) & FRCP 34) Further, Plaintiffs intend to conduct depositions to investigate these issues with respect to liability. A preliminary motion for summary adjudication as to liability may not result in a dispositive ruling on either payment at issue from this Court because of factual discrepancies between the parties that may be resolved through non-bifurcated discovery.

Defendant's proposal to bifurcate discovery does not foster judicial efficiency because a large part of the discovery Defendant intends to avoid with its proposal is integral to the threshold issue of liability.

Defendant's position:

Defendant requests that the Court order discovery to proceed in two phases in this case. District courts have discretion to control the sequence of discovery in order to ensure the just, speedy, and inexpensive determination of the proceeding, and phasing of discovery is common in FLSA collective actions. *See Griffin v. S&B Eng'rs & Constructors, Ltd.*, 507 F. App'x 377, 379 (5th Cir. 2013) (district court bifurcated discovery in FLSA collective action into two phases; affirming summary judgment entered after first phase); *Clincy v. Galardi S. Enters., Inc.*, 808 F. Supp. 2d 1326, 1328 (N.D. Ga. 2011) (discovery bifurcated in FLSA collective action, with first phase culminating in summary judgment motions on independent contractor issue); *Kennett v. Bayada Home Health Care, Inc.*, 135 F. Supp. 3d 1232, 1236 (D. Colo. 2015) (district court scheduled first phase of wage-and-hour class action to focus discovery on key defense, culminating in motions for summary judgment, with other issues addressed in second phase if necessary); *Good v. Altria Group, Inc.*, 231 F.R.D. 446, 447 (D. Me. 2005) (staying discovery in class action pending resolution of summary judgment); MANUAL FOR COMPLEX LITIG., FOURTH, §§ 11.34 ("To avoid pretrial activities that may be unnecessary if the summary judgment motion is granted, the schedule should call for filing the motion as early in the litigation as possible."), 11.422 (encouraging consideration of phased, sequenced, or targeted discovery).

Discovery should initially be focused on the issues of whether the two forms of pay at issue – holiday-in-lieu pay and sick leave incentive pay – are subject to exclusion from the regular rate of pay for

overtime under the FLSA.  The parties can then brief a motion or cross-motions for summary judgment on these two issues.  Defendant does not anticipate that the parties will require any significant document production or other written discovery, and no more than 1-2 depositions per side, in order to fully brief these two issues.

Should Defendant prevail on both of these issues, judgment should be entered in its favor.  Should Plaintiffs prevail on one or both of these issues, discovery should proceed on the remaining issues in the case, which include:  whether any violation of the FLSA by Defendant was willful or done in bad faith; the amount, extent, and nature of offsets against liability to which Defendant may be entitled; the amount of damages to each member of the collective action; Plaintiffs' entitlement to any non-monetary relief; and the propriety of the continued certification of the case as a collective action.  Discovery on all of these issues is not integral to the questions of whether holiday-in-lieu pay or sick leave incentive pay is required to be included in the regular rate.

The cost and burden of the proposed first phase of discovery will likely be comparatively small, while the cost and burden of the second phase of discovery will likely be significant.  Plaintiffs have already propounded a set of 73 document requests which, if Defendant is required to respond in full at this time, will create significant expense, nearly all of which can be avoided by the proposed phasing of discovery.

**9.     CLASS ACTIONS**

This is not a Rule 23 class action, but a collective action pursuant to 29 U.S.C. section 216(b).  Plaintiffs' motion for conditional certification is pending.  Defendant anticipates potentially seeking to decertify the class, in whole or in part.

**10.    RELATED CASES**

The parties are not aware of any other cases related to this matter.

**11.    RELIEF**

Plaintiffs seek monetary damages in the form of three years of back pay compensation to each collective action member, liquidated damages equal to his/her unpaid compensation, and an award of attorneys' fees and costs.  Plaintiffs also seek an injunction ordering Defendant to cease and desist from engaging in the conduct Plaintiffs allege violates the FLSA.

In the event Defendant prevails, it seeks all fees and costs to which it may be entitled by law.

**12.  SETTLEMENT AND ADR**

The issues raised in this case were originally identified in the course of collective bargaining between the City and the firefighters' union.  The City and the union are currently in the midst of collective bargaining for a successor labor agreement.  This and other overtime issues are currently under discussion.  In addition, the parties have held two all-day private mediation sessions before neutral Norm Brand.  Progress was made, but a settlement was not reached.

In this litigation, the parties have agreed to a settlement conference with a magistrate judge, and understand that the Court's ADR Program is recommending the same, to occur within approximately 90 days.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Plaintiffs declined to consent to a magistrate judge for all purposes.

**14.  OTHER REFERENCES**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

It is Defendant's position that the issues of whether the two forms of pay at issue – holiday-in-lieu pay and sick leave incentive pay – are subject to exclusion from the regular rate of pay for overtime under the FLSA should be adjudicated before any other issues in the case.

**16.  EXPEDITED TRIAL PROCEDURE**

This case is not suitable for the Expedited Trial Procedure of General Order 64.

**17.  SCHEDULING**

Defendant's position:

| | |
|---|---|
| Last day to amend pleadings: | September 1, 2017 |
| Close of first phase of fact discovery: | September 29, 2017 |
| First phase dispositive motion hearing date: | November 9, 2017 |
| Close of second phase of fact discovery: | March 30, 2018 |
| Expert discovery – initial report exchange: | April 27, 2018 |

-7-
AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT - Case No. 17-CV-01661-HSG

| | |
|---|---|
| Expert discovery – rebuttal report exchange: | May 18, 2018 |
| Close of expert discovery: | June 8, 2018 |
| Second phase dispositive motion/decertification hearing date: | July 12, 2018 |
| Pretrial Conference: | July 24, 2018 |
| Trial date: | August 6, 2018 |

Plaintiffs' Position:

The breadth of discovery necessary in this case will depend largely on the disposition of Plaintiffs' conditional certification and facilitated notice motion, because the number of potential plaintiffs joining the case may increase substantially after they receive notice of this case. Also, the breadth of discovery necessary in this case will depend largely on the disposition of Plaintiffs' anticipated motion for class certification, because the number of potential plaintiffs may increase. Plaintiffs propose the Court defer setting additional deadlines—including expert disclosures, close of discovery, and motions practice—until after it resolves Plaintiffs' anticipated conditional certification motion.

If the Court is not inclined to defer setting further deadlines, Plaintiffs propose the following:

| | |
|---|---|
| Initial expert disclosures: | September 28, 2018 |
| Rebuttal expert disclosures: | November 16, 2018 |
| Discovery-related motions: | Must be filed by December 21, 2018 |
| Discovery cutoff: | January 25, 2019 |
| Non-discovery motion cutoff: | February 22, 2019 |
| Final pretrial conference: | April 5, 2019 |
| Trial: | 90 days after the final pretrial conference |

(approximately 10 trial days in length)

**18.   TRIAL**

Defendant has demanded trial by jury.  Defendant estimates a trial of approximately two weeks.

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiffs do not anticipate any non-party interested entities or persons.  The City is not required

to file a disclosure of non-party interested entitles or persons.

**20.    PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER**

None at this time.

Dated:  July 25, 2017                                RENNE SLOAN HOLTZMAN SAKAI LLP


By: /s/ Kevin P. McLaughlin
       KEVIN P. MCLAUGHLIN

Attorneys for Defendant
CITY OF SANTA ROSA

Dated:  July 25, 2017                                MASTAGNI HOLSTEDT, A.P.C.


By: /s/ Ace T. Tate
       ACE T. TATE

Attorneys for Plaintiffs
TIMOTHY ABOUDARA, JR. et al.

**ATTESTATION PURSUANT TO LOCAL RULE 5-1**

Pursuant to N.D. Cal. Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the other signatories.

Dated:  July 25, 2017                                By: /s/ Ace T. Tate
                                                                  ACE T. TATE