UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ABOUDARA, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF SANTA ROSA,<br><br>    Defendant. | Case No. 17-cv-01661-HSG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CONDITIONALLY CERTIFY FLSA COLLECTIVE ACTION**<br><br>Re: Dkt. No. 24 |

Pending before the Court is Plaintiff Timothy Aboudara, Jr.'s motion for conditional certification of a collective action pursuant to 29 U.S.C. § 216(b). Dkt. No. 24. For the reasons detailed below, the Court GRANTS the motion IN PART and approval of the form of the class notice is stayed pending an attempt by the parties to agree upon its contents.

**I.    BACKGROUND**

Plaintiff alleges that he is currently a firefighter for — and employee of — Defendant City of Santa Rosa. Dkt. No. 1 ("Compl.") ¶¶ 3, 20; Dkt. No. 24-3 ¶ 2. Plaintiff has also been a member of the International Association of Firefighters, Local 1401 ("Local 1401") since his employment with Defendant began in October 2004. Dkt. No. 24-3 ¶ 2. On March 27, 2017, he brought this Fair Labor Standards Act ("FLSA") case on behalf of himself and all others similarly situated against Defendant for improperly calculating their overtime compensation and cash out payments for compensatory time off ("CTO"). *See* Compl. ¶¶ 23–27. More specifically, Plaintiff alleges that Defendant erroneously excluded two types of compensation that he receives under the collective bargaining agreement between Defendant and Local 1401 when calculating his "regular rate" of pay. *Id.*; *see also* Dkt. Nos. 24-6, 24-7, and 24-8 (excerpts from collective bargaining agreements).

1    Pursuant to the collective bargaining agreement, Plaintiff and his fellow members of Local 1401 receive cash payments in lieu of holidays ("HIL"), regardless of whether they actually worked those holidays. *See* Dkt. No. 24-3 ¶¶ 4, 7. Under the agreement, HIL compensation is prorated based on the number of calendar days worked by an employee, regardless of the number of holidays that have occurred or will occur. *Id.* It also cannot be used for non-working hours such as vacation or sick leave. *Id.* Plaintiff and members of Local 1401 also receive sick leave incentive payments ("SLI"), the equivalent of one shift's pay if they take fewer than 56 hours of sick leave in a year. *Id.* ¶¶ 6–7. According to Plaintiff, Defendant excluded both HIL and SLI from Local 1401's overtime pay and CTO calculations. Compl. ¶¶ 30–39; *see also* Dkt. No. 24-3 ¶¶ 10–12; Dkt. No. 24-4 ¶¶ 11–13. Plaintiff now requests certification of a collective action and for an order authorizing facilitated notice of this action to prospective class members. *See* Dkt. No. 24.

## II. LEGAL STANDARD

Under the FLSA, an employee may bring a collective action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b); *see also Does v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). Unlike class actions certified under Federal Rule of Civil Procedure 23, potential members of an FLSA collective action must "opt in" to the suit by filing a written consent with the Court in order to benefit from and be bound by a judgment. *Id.* The district court has discretion to determine whether a collective action is appropriate. *See Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004).

Neither the FLSA nor the Ninth Circuit defines the term "similarly situated." District courts in this Circuit and numerous other Circuits generally apply a two–step approach, differentiating between conditional and final class certification. *See, e.g.*, *Rivera v. Saul Chevrolet, Inc.*, No. 16-CV-05966-LHK, 2017 WL 3267540, at *2 (N.D. Cal. July 31, 2017) (collecting cases). Under the first step, the Court determines whether potential opt-in plaintiffs exist who are similarly situated to the representative plaintiffs such that a class should be conditionally certified to provide them with notice of the action. *Id.* Those individuals become parties to a collective action only by filing written consent with the Court. *Id.*

2

At this stage, the Court applies a fairly lenient standard and generally relies on the pleadings and any filed affidavits. *See Leuthold*, 224 F.R.D. at 468; *see also Wellens v. Daiichi Sankyo, Inc.*, No. 13-CV-00581-WHO, 2014 WL 2126877, at *1 (N.D. Cal. May 22, 2014). To warrant conditional certification, "[t]he plaintiff must make substantial allegations that the putative class members were subject to an illegal policy, plan, or decision, by showing that there is some factual basis beyond the mere averments in the complaint for the class allegations." *Wellens*, No. 13-CV-00581-WHO, 2014 WL 2126877, at *1 (quotation omitted). The plaintiff need not conclusively establish that collective resolution is proper, however, because certification at the initial stage is conditional and a defendant may revisit the issue after conducting discovery at the second stage. *Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 628–30 (E.D. Cal. 2009).

### III. ANALYSIS

#### A. Similarly Situated

Defendant concedes that a group of Local 1401 firefighters should be conditionally certified as a collective action under the FLSA. *See* Dkt. No. 35 at 1. Plaintiff argues that the class also should include Santa Rosa police officers who received HIL payments and worked overtime. *See* Dkt. No. 24-1 at 4.[1] Plaintiff contends that the police officers are similarly situated because "employees in multiple job classifications across multiple bargaining units received cash payments in lieu of holidays" and "were all subject to Defendant's practice of excluding such payments from the 'regular rate' of pay." *Id.* at 4–5.

The Court disagrees. Plaintiff has not shown, even under the more lenient conditional certification standard, that he is "similarly situated" to individuals outside Local 1401. Plaintiff has offered little more than his counsel's speculative belief that there are other Santa Rosa employees who are similarly situated to Local 1401 members. In the complaint, Plaintiff alleges that Santa Rosa police officers received HIL payments that were not included in their overtime compensation. *See* Compl. ¶¶ 9, 28. Yet he offers no factual basis for this allegation. As part of

---

[1] At the hearing on this motion, held on August 31, 2017, counsel for Plaintiff clarified that he is not seeking to conditionally certify a class of *all* Santa Rosa employees who received HIL or SLI payments and worked overtime during the relevant period.

3

the motion for conditional certification, Plaintiff attached the collective bargaining agreement between Defendant and the Santa Rosa Police Officers Association, *see* Dkt. No. 24-9, but he did not provide any declaration from an officer that Defendant improperly calculated his overtime or CTO cash out payments. Rather, Plaintiff's counsel merely states "[o]n information and belief" that Santa Rosa "provided HIL compensation to employees outside the firefighting bargaining unit" and that such payments were "uniformly excluded . . . from those employees' overtime and CTO calculations." Dkt. No. 24-2 ¶¶ 11, 14–15. Again, however, he provides no factual basis for this allegation. And at the hearing held on this motion, Plaintiff's counsel confirmed that Plaintiff has no "personal knowledge" of "the payroll practices [] for the police officers."

Even if the Court could find based on the collective bargaining agreements that Santa Rosa police officers received HIL payments like Plaintiff, that provision is not itself unlawful. Plaintiff still must show that Defendant subjected those officers to an unlawful policy by omitting such payments from their overtime or CTO cash out calculations. Plaintiff's conclusory allegations simply do not provide sufficient factual evidence that Santa Rosa police officers are similarly situated for purposes of 28 U.S.C. § 216(b). *See, e.g.*, *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015) ("Unsupported allegations of FLSA violations are not sufficient to meet the plaintiffs' burden."); *Wellens*, No. 13-CV-00581-WHO, 2014 WL 2126877, at *1 (requiring "some factual basis beyond the mere averments in the complaint").

Accordingly, the court GRANTS Plaintiff's motion for conditional certification under the FLSA as to Santa Rosa firefighters, but DENIES Plaintiff's motion to extend certification beyond that group.

**B. Notice**

The Court orders the parties to meet and confer within fourteen days of the date of this Order regarding the form of the notice, including the opt-in deadline, and the applicable notice period. If the parties cannot agree, they shall submit their proposals to the Court within fourteen days of the date of this Order for the Court to determine.

## IV. CONCLUSION

Accordingly, the motion for conditional certification is GRANTED IN PART. The Court ORDERS as follows:

1. The Court conditionally certifies a collective action under 29 U.S.C. § 216(b) consisting of persons who are or were employed by Defendant as a firefighter and worked overtime.
2. The parties are GRANTED fourteen days from the date of this Order to submit a joint proposal for the relevant notice period and form of the notice to the class, or separate statements as to why no such joint proposal could be reached.

**IT IS SO ORDERED.**

Dated: 9/1/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge