UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY ABOUDARA, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA,<br><br>    Defendant. | Case No. 17-cv-01661-HSG (JSC)<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>Re: Dkt. No. 56 |

In this Fair Labor Standards Act case Plaintiff asserts that Defendant improperly failed to include holiday-in-lieu compensation in the "regular rate of pay" for purposes of calculating overtime. The action has been referred to this Court for resolution of discovery disputes. (Dkt. No. 37.) Now pending before the Court is Plaintiff's motion to compel Defendant to produce discovery regarding legal advice it received about whether it should include the holiday-in-lieu compensation in the regular rate of pay. (Dkt. No. 56.) Upon consideration of the parties' Joint Letter Brief, the Court concludes that oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and DENIES Plaintiff's request.

"Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). Defendant's willfulness is an issue in this case. If Plaintiff proves Defendant violated the FLSA and that the violation was willful, that finding lengthens the statute of limitations and requires an award of liquidated damages. 29 U.S.C. § 255(a); 29 U.S.C. § 260. Accordingly, in its Amended Answer Defendant raises an affirmative defense of good faith and specifically alleges that it acted in good faith because, among other things, "Defendant

consulted with legal counsel regarding its FLSA compliance." (Dkt. No. 31 at 8:4-5.[1]) There is no question that this reliance on the advice of legal counsel waives the privilege as to that advice.

Since the filing of its Amended Answer, however, Defendant has had a change of heart and has decided not to rely on any advice of counsel. When Ms. Keeton was deposed, Defendant prohibited her from answering any questions as to advice she received and Defendant has refused to produce any documents reflecting such advice. It asserts that it has offered to stipulate that it will not in any way rely on advice of counsel in support of its good faith defense and will move to amend its answer if need be. Plaintiff does not dispute this offer, but instead maintains that Defendant's good faith defense in itself waives the privilege. The Court disagrees.

To accept Plaintiff's argument would mean that any time a defendant disputes a plaintiff's willfulness allegation the plaintiff would be entitled to discovery regarding any legal advice the defendant received on the relevant issue. The defendant would therefore, in effect, be required to admit to willfulness (assuming an FLSA violation is found) if it wanted to maintain its attorney-client privilege. In a patent infringement action, for example, a defendant would waive any attorney-client privilege as to any invalidity opinion it received from counsel, even if the defendant had no intent to rely on advice of counsel as a defense to willfulness. Again, the defendant would therefore have to concede willfulness or else waive the privilege. Such a consequence would discourage parties from obtaining legal advice in the first instance, and thus run contrary to the very purpose of the attorney-client privilege. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). To the extent the out-of-circuit district court cases cited by Plaintiff hold to the contrary, this Court simply disagrees. The Ninth Circuit has never held that merely asserting good faith waives the attorney-client privilege as to communications with counsel regarding the topic at issue. This Court, too, declines to do so.

The outcome of this motion might be different if Defendant had followed up on its affirmative defense with reliance on the fact that it sought advice of counsel in its discovery responses. But Plaintiff does not point to any such reliance and does not otherwise identify how it

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  would be prejudiced by allowing Defendant to withdraw its statement in its Amended Answer.  Of
2  course, Defendant is now bound by its current representation and may not in any way rely on the
3  fact that legal advice was sought.
4      This Order disposes of Docket No. 56.
5  **IT IS SO ORDERED.**
6  Dated: January 22, 2018

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge